```
                                              FILED
                                              JUL 09 2024
                                              CLERK OF COURT OF WESTERN DISTRICT
                                              OF PENNSYLVANIA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:24-CR-15 |
| v. | ) | Criminal No.         Erie |
| | ) | |
| GARY JAMES MURRAY | ) | **(Under Seal)** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Molly W. Anglin, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
|---|---|---|
| One | Conspiracy to commit an offense against the United States. From on or about October 1, 2022, to on or about April 4, 2024. | 18 U.S.C. § 371 |
| Two | Transferring firearms to out-of-state resident. From on or about October 1, 2022, to on or about April 4, 2024. | 18 U.S.C. § 922(a)(5) |
| Three | Smuggling goods from the United States. From on or about October 1, 2022, to on or about April 4, 2024. | 18 U.S.C. § 554 |

## II. <u>ELEMENTS OF THE OFFENSES</u>

### A.     As to Count 1:

In order for the crime of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense or offenses against the United States, as charged in the indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit an offense or offenses against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense or offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371; *see also United States v. Scarfo*, 41 F.4th 136, 196 (3d Cir. 2022)

### B.     As to Count 2:

In order for the crime of transferring a firearm to an out-of-state resident, in violation of 18 U.S.C. § 922(a)(5) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant was not licensed to deal, import, manufacture, or collect firearms;

2. The defendant willfully transferred, sold, traded, gave, transported, or delivered firearms to another person who also was not licensed to deal, import, manufacture, or collect firearms; and

3. The defendant knew or had reasonable cause to believe that the person receiving the firearm from the defendant did not reside in the State in which the defendant resided.

**C.     As to Count 3:**

In order for the crime of smuggling goods from the United States, in violation of 18 U.S.C. § 554, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly exported and sent, or attempted to export and send, firearms.

2. The defendant's exportation and sending was contrary to 50 U.S.C. § 4819(a)(2) and (b), and 15 C.F.R. § 730, et. seq.

3. The defendant knew the exportation and sending of the merchandise was contrary to law or regulation.

Pattern Crim. Jury Instr. 5th Cir. 226 (2015)

### III. PENALTIES

**A.     As to Count 1: Conspiracy to commit an offense against the United States (18 U.S.C. § 371):**

1. A term of imprisonment of not more than five (5) years.

2. a fine not more than the greater of;

   (1) $250,000 (18 U.S.C. § 3571(b)(3));

   <u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years.

**B. As to Count 2: Transferring a Firearm to an Out-of-State Resident (18 U.S.C. § 922(a)(5)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

**C. As to Count 3: Smuggling Goods from the United States (18 U.S.C. § 554):**

1. Imprisonment of not more than ten (10) years.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*[signature]*

MOLLY W. ANGLIN
Assistant U.S. Attorney
PA ID No. 321229

5